# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| MUSA ABDUSSHAKUR, | : Case No. 3:25-cv-00405 |
| Plaintiff, | : District Judge Michael J. Newman |
| vs. | : Magistrate Judge Caroline H. Gentry |
| DAVID M. MCNAMEE, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Musa Abdusshakur sues three municipal officials who allegedly violated his civil rights. (*See* Doc. No. 4 at PageID 30 [suing under 42 U.S.C. § 1983].) His original Complaint, which he filed without the assistance of counsel, contains only a few factual allegations. (Doc. No. 4.) Specifically, Plaintiff alleges that:

> 3. Defendant [Judge David M.] McNamee enforced an invalid sentence.
>
> 4. Defendant [Prosecutor Melvin] Planas prosecuted without a verified complaint or probable cause.
>
> 5. Defendant [Fred] Barker initiated or supported unlawful enforcement with no constitutional basis.[1]
>
> 6. These acts caused reputational harm, emotional distress, and unlawful restraint of liberty.
>
> 7. These acts constitute malicious prosecution, abuse of process, and deliberate indifference to Plaintiff's constitutional rights.

(Doc. No. 4 at PageID 30.)

---

[1] Defendant Barker may be a code enforcement officer with the City of Xenia.

Plaintiff's claims appear to involve a land development or zoning issue and arise out of the criminal case of *City of Xenia vs. Abdusshakur*, No. 24 CR B 00617, in the Xenia Municipal Court. (*See* Doc. No. 4 at PageID 34-39 [attaching a docket printout of the case].) However, the Complaint does not elaborate on what actions each Defendant took that allegedly violated Plaintiff's rights.

On December 1, 2025, Plaintiff asked for 7-10 days to consult with counsel and file an amended complaint. (Motion for Leave to Amend the Complaint, Doc. No. 2.) The undersigned Magistrate Judge granted his request and directed Plaintiff to file his amended complaint by December 19, 2025. (Doc. No. 3 at PageID 27.) To date, he has not filed an amended complaint. The undersigned therefore considers the original Complaint as filed herein. (Doc. No. 4.) For the reasons discussed below, the undersigned **RECOMMENDS** that the Court **DISMISS** it.

Because Plaintiff is proceeding *in forma pauperis* (Doc. No. 3), the Court must screen his Complaint and dismiss any part of it that is frivolous or malicious; that fails to state a claim on which relief may be granted; or that seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the *pro se* Complaint, but will not construct claims for Plaintiff or speculate about facts he has not alleged. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Tulis v. Orange*, 686 F. Supp. 3d 701, 706 (M.D. Tenn. 2023).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual

allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint here does not contain enough factual material to state a claim. (Doc. No. 4.) While he identifies the relevant claims as "malicious prosecution, abuse of process, and deliberate indifference," his statements are conclusory and factually insufficient to state a claim on which relief may be granted. A plaintiff must allege <u>facts</u> that describe how each defendant violated his rights. *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) ("The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right'") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). Because the Complaint here contains only labels and conclusions, it should be dismissed.

There are additional reasons to dismiss the Complaint. Plaintiff appears to assert that Defendants' participation in his prosecution and conviction in Xenia Municipal

Court violated his rights. (Doc. No. 4.) But Plaintiff cannot challenge a criminal conviction in an action brought under 42 U.S.C. § 1983. *See Cox v. Nord*, No. 1:23-cv-324, 2023 WL 6276198, at *3 (S.D. Ohio Sept. 26, 2023), *report and recommendation adopted*, 2023 WL 7699848 (S.D. Ohio Nov. 15, 2023) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973)) ("to the extent that [the plaintiff] challenges his state court criminal convictions, seeks a new trial, or challenges the length of his sentence, his sole remedy is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254.").

In addition, to the extent Plaintiff seeks monetary damages based on an alleged wrongful conviction, his Section 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "Before [he] can bring claims for an allegedly unconstitutional conviction . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *Steele v. DeWine*, No. 1:13-cv-2408, 2014 WL 897001, at *3 (N.D. Ohio Mar. 6, 2014) (citing *Heck*, 512 U.S. at 486). There is no suggestion here that Plaintiff's conviction(s) have already been invalidated.

Moreover, claims against Judge McNamee and Prosecutor Planas in their individual capacities are barred as a matter of law. Claims against Judge McNamee for how he handled the criminal case against Plaintiff are barred by the doctrine of judicial immunity. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial

4

capacity, unless these actions are taken in the complete absence of any jurisdiction."); *Brown v. Hamilton Cnty., Ohio/Hamilton Cnty. Prosecutor's Off.*, No. 1:19-cv-969, 2021 WL 4451563, at *2-3 (S.D. Ohio Sept. 29, 2021) (where "each of the alleged actions about which Plaintiff complains occurred in the context of the criminal case brought against him," the defendant judge was immune and the claims against him dismissed). A judge does not lose this immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Because Plaintiff does not allege that Judge McNamee completely lacked all subject matter jurisdiction over the criminal case, any claims based on how he handled that case are barred.

Claims against Prosecutor Planas in his individual capacity are also barred. Like judges, prosecutors are "absolutely immune from liability" for actions they take that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotation marks omitted); *see also Cady v. Arenac Cnty.*, 574 F.3d 334, 339 (6th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)) ("The Supreme Court in *Imbler* held that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' was not amenable to suit under § 1983."). There are some narrow exceptions to this immunity, *see Van de Kamp*, 555 U.S. at 343, but nothing in the Complaint implicates them. Thus, to the extent that Plaintiff brings a claim against Prosecutor Planas for how he handled the criminal case, that claim is barred.

For all these reasons, the undersigned Magistrate Judge **RECOMMENDS** to District Judge Newman that the Court **DISMISS** this case. The undersigned further **RECOMMENDS** that the Court **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file objections to these recommendations as outlined in the section below. He is reminded that he must notify the Court if his mailing address changes while the case is pending.

**IT IS SO RECOMMENDED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this

Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).